IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>U.S. Department of Justice, Tax Division<br>P.O. Box 227<br>Washington, D.C. 20044<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>PHILIP D. BERLIN<br>1610 33rd Street, N.W.<br>Washington, D.C. 20007<br>　　　　　　　　Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. 1:06MS00170<br>:<br>: Judge:　Hon. Thomas F. Hogan<br>:<br>:<br>:<br>: |

*Let this be filed.*
*[signature] Hogan 6/21/06*

UNITED STATES' *EX PARTE* MOTION
REQUESTING ISSUANCE OF ORDER TO SHOW CAUSE
AND TO ALLOW FILINGS IN THIS CASE TO BE MADE ELECTRONICALLY

The United States respectfully requests that the Court issue an order to respondent to show cause why two administrative Internal Revenue summonses should not be obeyed. In addition, the United States requests that the Court allow filings in this case to be made electronically. For the reasons set forth below, this motion should be granted. A proposed order is filed herewith.

1. On April 19, 2006, the United States filed a petition, along with a declaration of Internal Revenue Agent Tammy Barker and a 11-page legal brief, seeking to enforce two Internal Revenue summonses issued to respondent Philip D. Berlin ("Berlin") (collectively Docket No.1). Specifically, the Service seeks Berlin's testimony and production of documents in connection with the Service's examination of his income tax

liabilities for the taxable years 2000 through 2002. The Barker declaration establishes the United States' *prima face* case for enforcement of the summonses at issue.[1]

2. The filing of the petition to enforce the summonses commences a summary proceeding.[2]

3. Because an IRS administrative summon is not self-enforcing,[3] and a proceeding to enforce a summons is summary in nature, a uniform procedure has developed which requires the issuance of an initial order to the summonee to show cause why the summonses should not be enforced. The order to show cause provides for a hearing or return date, a date when a response to the petition is due, and when and the manner in which the summonee is to be served.[4]

4. The proposed order submitted with this motion complies with the procedure outlined above. The proposed order provides for a hearing date to be scheduled by the Court, a date when respondent is to be personally served by (also to be scheduled by the Court), and allows 15 days for respondent to answer. It is respectfully submitted

---

[1] *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Judicial Watch, Inc.*, 371 F.3d 824, 829 (D.C. Cir. 2004), *aff'g* 266 F. Supp.2d 1, 12-13 (D. D.C. 2002); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).

[2] *United States v. Rockwell Int'l*, 897 F.2d 1255, 1261 (3d Cir. 1990); *Alphin v. United States*, 809 F.2d at 238.

[3] *See United States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993).

[4] *See, e.g., United States v. McCarthy*, 514 F.2d 368, 372-373 (3d Cir. 1975); *United States v. Garden State Nat'l Bank*, 607 F.2d 70-71 (3d Cir. 1979); *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981); *United States v. Gilleran*, 992 F.2d at 223 (same); *see also* 26 U.S.C. §§ 7402(a) and 7402(b).

that the Court provide the Service with about 2 weeks to serve respondent, allow for 15 days for any answer, and schedule the hearing date thereafter.

5. The Court also is requested to permit future filings in this case to be made electronically through the Court's electronic case management system.

WHEREFORE, the United States respectfully requests that the Court issue the proposed order submitted with this motion.

Dated: June 5, 2006

Respectfully submitted,

CHARLES M. FLESCH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6635
Facsimile

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney