IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>    vs. )<br>PHILIP D. BERLIN, )<br>       RESPONDENT. ) | Case No. 1:06 MS-00170<br><br>Judge: Hon. Thomas F. Hogan |

RESPONDENT'S MEMORANDUM IN SUPPORT OF DENIAL OF
PETITION TO ENFORCE SUMMONSES
================================================================================

RESPONDENT, Philip D. Berlin, by his undersigned attorneys, submits the following Memorandum in Support of Denial of Petition to Enforce Summons. The Memorandum is supported by the Declaration of Respondent, attached hereto as Exhibit A.

STATEMENT OF FACTS

The information sought by the government in this case is, as stated in paragraph 7 of the Petition, for the purpose of determining Respondent's correct federal income tax liabilities with respect to the taxable years ending December 31, 2000, December 31, 2001, and December 31, 2002. As stated by Respondent in his attached Declaration, Exhibit A, Forms 1040, U.S. Individual Tax Returns, were timely filed on or before the applicable due dates of April 15, 2001, April 15, 2002, and April 15, 2003, respectively. Berlin Decl. ¶6.

MICHAEL C. DURNEY
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

- 1 -

The problem with these dates is that any adjustment to Respondent's tax liabilities for the tax years 2000, 2001, and 2002 is barred by the three year statute of limitations set forth in 26 U.S.C. § 6501. Respondent has further stated in his Declaration (¶7) that he has not consented to the extension of the statute of limitations for any of these years. Thus, the only avenues of civil adjustment or enforcement remaining to the government are to assert that Respondent either (1) filed the returns in question falsely or fraudulently, or (2) omitted more than 25% of his correct gross income. 26 U.S.C. § 6501(c) and (e).

ARGUMENT

The government has asserted that its summonses seek information from Respondent in order to determine whether Respondent "may be liable to pay any internal revenue tax", citing *United States v. LaSalle Nat'l Bank,* 437 U.S. 198, 308 (1978), and *Donaldson v. United States,* 400 U.S. 517, 523 (1971). Pl. Memorandum , p. 7. The difficulty the government faces is that by reason of the expiration of the statute of limitation on assessment and collection, Respondent <u>may not</u> be held liable for any tax for the return years covered by the summonses, absent a showing of falsity, fraud, or substantial omission, all in substance being potentially criminal conduct. In each of these exceptions to the three year statute of limitations, therefore, compelled disclosure of information from Respondent may place him in jeopardy of criminal prosecution. This implicates both the "proper purpose" and "may be relevant" requirements of *United States v. Powell*, 379 U.S. 48, 67-68 (1964), which are both prerequisites for enforcing the summonses in issue.

In *United States v. Judicial Watch, Inc.*, 266 F. Supp. 2d 1, 15 (D. D.C. 2003), *aff'd*, 371 F.3d 829 (D.C. Cir. 2004), this Court ordered enforcement of a summons only after finding that the information sought was relevant to open tax years, thus satisfying the *Powell* requirements.

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

- 2 -

Here, with the years under audit beyond the three year statute, a determination of any additional tax could only be made by the government asserting potential criminal conduct by Respondent. Respondent should not be compelled to assist the government in this endeavor through enforcement of the summonses in question.

In order for the summonses in question to be enforced, there must be a valid civil purpose for their issuance. *United States v. LaSalle National Bank,* 437 U.S. 298, 317- 320 (1978). The fact that Respondent's tax years are beyond adjustment absent a finding of essentially criminal conduct suggests that there is no valid civil purpose here present.

I. <u>If it is determined that the summonses are enforceable, Respondent has a legitimate claim against compliance by reason of the Fifth Amendment</u>

The government has stated that it initiated its examination of Respondent based on information gathered in the Offshore Credit Card Project of the Internal Revenue Service. Pl. Memorandum, p. 2. The government asserts that by reason of this examination, "Berlin owned, maintained and/or used a MasterCard credit card, Account No. 5400-54**-****4673 issued by an unknown bank through Europay Luxembourg S.C. ("Europay"), located in Luxembourg." (footnote omitted.) Pl. Memorandum, pp. 2-3. It further asserts that Respondent used this credit card on November 21, 2001, at Jennifer Convertibles in Washington, D.C. Respondent has stated in his declaration that he has in his possession eight Eurocard statements for this account, assuming the redacted numbers cited by the government match those of these statements.

Respondent's counsel has been informally advised by government counsel that the government will rely on *United States v. Norwood,* 420 F.3d 888 (8th Cir. 2005), as authority that Respondent has no Fifth Amendment right against incrimination with respect to the production of these statements.

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 3 -

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

In *Norwood,* the court recognized the rule articulated in *Fisher v. United States,* 425 U.S. 391, 408 (1976), that the Fifth Amendment prohibits compelled production of evidence where the communicative aspects of such production are testimonial and incriminating. The court found that the IRS investigation revealed that Norwood had foreign-based credit cards and at least one foreign bank account. Requiring Norwood to produce the relevant records, "the existence of which are a foregone conclusion", was held by the court not to implicate Norwood's Fifth Amendment rights. 420 F.2d at 860.

By contrast, in the instant case, the government claims knowledge only of a single foreign credit card "owned, maintained and/or used" by Respondent. Compelling Respondent to produce the credit card statements he has in his possession would constitute testimonial affirmation of matters far beyond the simple ownership, maintenance, or use of a foreign credit card. Respondent's rights under the Fifth Amendment would be violated by such compelled testimony.

II. <u>If it is determined that Respondent does not have a Fifth Amendment right with respect to the credit card statements in their entirety, redactions should be allowed</u>

While the government investigation in this case has generated a credit card sales slip suggesting the usage of a foreign credit card by Respondent, it has asserted no knowledge beyond this single credit card usage. Any compelled disclosure of information by Respondent beyond this credit card usage would have testimonial significance beyond the scope of *Norwood*, and would violate Respondent's Fifth Amendment rights. If Respondent is compelled to turn over the credit card statements in his possession, Respondent requests that he be allowed to redact possibly incriminating information from these statements, such redactions to be reviewed by the Court *in camera.*

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

- 4 -

III. <u>Regardless of the Court's rulings regarding production of documents, Respondent is entitled to exercise his rights under the Fifth Amendment with respect to any oral testimony sought by the summonses</u>

It should be beyond question that by reason of his rights under the Fifth Amendment, Respondent is entitled to refuse to provide any oral testimony sought by the summonses. In his declaration, Respondent has asserted his Fifth Amendment rights with respect to the enforcement of the summonses in question, and as to any oral testimony sought to be compelled by enforcement of these summonses, Respondent's rights under the Fifth Amendment should be upheld by this Court. *Boyd* v. *United States*, 116 U.S. 616 (1886); *Bellis v. United States,* 417 U.S. 85 (1974).

Dated:   July 7, 2006        Respectfully submitted,

MICHAEL C. DURNEY

/s/ Michael C. Durney.
_____
LAW OFFICES OF MICHAEL C. DURNEY
1072 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 965-7744
FAX: 202 965-7745
D.C. Bar No. 111872
Email:  mcd@mdurney.com

DUNCAN H. CAMERON

/s/ Duncan H. Cameron
_____
CAMERON & HORNBOSTEL, LLP
818 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 393-4690
FAX: 202 293-1877
D.C. Bar No.173146
Email: dcameron@cameron-hornbostel.com

Attorneys for Respondent

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of July, 2006, a true and correct copy of the foregoing

<u>RESPONDENT'S MEMORANDUM IN SUPPORT OF DENIAL OF
PETITION TO ENFORCE SUMMONSES</u>

was served by United States Mail, postage paid, and electronically by email upon the following:

        Charles M. Flesch, Esquire
        Trial Attorney
        Department of Justice
        Tax Division
        P.O. Box 227  Ben Franklin Station
        Washington, D.C. 20044
        Email: charles.m.flesch@ usdoj.gov

Attorney for Plaintiff

                                             /s/ Michael C. Durney

                                          _____
                                              Michael C. Durney

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONSE OF PHILIP D. BERLIN, RESPONDENT
Case No. 1:06 MS-00170

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILIP D. BERLIN ) <br> ) <br> Respondent. ) <br> ) | Case No. 1:06 MS-00170 <br><br> Judge: Hon. Thomas F. Hogan |

### DECLARATION OF PHILIP D. BERLIN

1. My name is Philip D. Berlin and I am a resident of the District of Columbia.

2. I retired from service with the World Bank in 1991.

3. I am currently traveling outside of the United States on vacation and plan to return to the United States on or about September 15, 2006.

4. I have reviewed the two Internal Revenue Summonses that are the subject of the above-styled petition to enforce, and have in my possession, custody, and or control, only the following documents responsive to the summonses:

**EXHIBIT A**

  a. Eurocard/Mastercard statements for account 5400 **** **** 4673[1] for the following periods: January 2002; February 2002; March 2002; April 2002, July 2002; November 2002, and December 2002.

  b. My current United States passport, issued by the U.S. Passport Office on February 10, 2005.

  c. My expired United States passport issued by the U.S. Passport Office in March of 1995.

5. I have already provided a copy of my current passport to the Internal Revenue Service, as acknowledged in paragraph 21a. of the government's petition to enforce.

6. I have filed Forms 1040, U.S. Individual Income Tax Returns, for the calendar years 2000, 2001, and 2002, on or before the due date (April 15th of the following year) for each of these returns.

7. I have not signed consent (Form 872) to extend the statute of limitations for any of these three years.

---

[1] This appears to be similar to the account number recited in paragraph 11 of the government's petition to enforce.

2

8. I hereby assert my rights against self-incrimination as provided by the Fifth Amendment of the United States Constitution with respect to all documentary and testimonial information sought from me by the two summonses that are the subject of this petition to enforce.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
PHILIP D. BERLIN

Executed on __July 5, 2006__.

3