IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| U.S. Department of Justice, Tax Division | : |
| P.O. Box 227 | : |
| Washington, D.C. 20044 | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Misc. Case No. 06-170 |
| | : |
| PHILIP D. BERLIN | : Judge: Hon.  Thomas F. Hogan |
| Respondent. | : |
| | : |

_____

UNITED STATES' MEMORANDUM IN REPLY TO
RESPONDENT'S OPPOSITION
TO ENFORCEMENT OF THE SUMMONSES


Respectfully submitted,

CHARLES M. FLESCH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6635


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

TABLE OF CONTENTS

I.      The United States Established Its Prima Facie Case For Enforcement, and
        Respondent Has A Heavy Burden To Show Cause Why the Summonses
        Should Not Be Enforced ------------------------------------------------------------     2

II.     Whether the Normal 3-Year Statute of Limitations For Assessing An Income
        Tax Liability Expired Is Not Relevant, and Does Not Bar Enforcement of the
        Summonses ----------------------------------------------------------------------------     4


III.    Respondent's Invocation of the Fifth Amendment Privilege Is Not Proper,
        And Does Not Bar Enforcement of the Summonses ----------------------------     6

        A.  Respondent Has Made No Showing of A Likelihood of Self-Incrimination,
            And His Blanket Objection Is Insufficient ----------------------------------     6

        B.  There Is No Valid Fifth Amendment Privilege To Producing the
            Credit Card and Other Documents Sought By the Summonses -----------     8

        C.  The Fifth Amendment Objection To Providing Testimony Before
            the Agent Does Not Bar Enforcement of the Summonses ----------------     9

IV.     Respondent Has Not Sustained His Burden To Support the Affirmative
        Defense of Lack of Possession, Custody or Control of the Summonsed
        Documents -----------------------------------------------------------------------------     10

V.      The Fifth Amendment May Not Be Used As A Substitute for Evidence
        On An Issue Which Respondent Bears The Burden of Proof------------------     13

CONCLUSION -----------------------------------------------------------------------------     14

The United States seeks enforcement of two Internal Revenue summonses directed to respondent Philip Berlin for his MasterCard credit card, the statements relating thereto, records that reflect payment of charges to that card, and copies of his expired passports in connection with the Internal Revenue Service's examination of respondent's 2000-2002 tax years. (*See* Docket No.1, Petition; Barker Decl. & Exs. 2, 3.)

In his opposition to enforcement of the summonses, respondent argues:  (1) that there is allegedly no proper civil purpose to the examination because the usual 3-year period for assessing income tax deficiencies has expired; (2) the Fifth Amendment privilege bars production of the credit card and other documents sought, and (3) the Fifth Amendment privilege bars him from providing any testimony.  In his declaration, respondent asserts a blanket Fifth Amendment privilege objection to producing the documents and providing testimony.  In addition, he identified some documents that are or may be responsive (e.g., 7 credit card statements from 2002 and a copy of his expired passport), but is otherwise silent as to the whereabouts of his MasterCard credit card, and the other documents sought. (*See* Berlin Decl.)

Notwithstanding respondent's arguments to the contrary, the Service is conducting a civil examination, and the uncontradicted evidence before the Court is that there is no "Justice Department referral" in effect.  Respondent has no valid Fifth Amendment objection to producing his credit card, and the other records sought.  Respondent's Fifth Amendment objection as to providing testimony is premature at best. Respondent also has not satisfied his burden of lack of possession, custody or control over the summonsed documents, and the Fifth Amendment objection is not a proper substitute for evidence.  For the reasons set forth below, the summonses should be enforced.

STATEMENT & ARGUMENT

I.  The United States Established Its *Prima Facie* Case For Enforcement, and Respondent
    Has A Heavy Burden To Show Cause Why the Summonses Should Not Be Enforced.

The United States has established a *prima facie* case for enforcement of the summonses

under *United States v. Powell*, 379 U.S. 48, 57-58 (1964), through the declaration of Agent

Barker.  *United States v. Judicial Watch, Inc.,* 371 F.3d 824, 829 (D.C. Cir. 2004).  The

Declaration of Agent Barker specifically establishes the following elements under *Powell*.

> (1)  The summonses were issued for a proper purpose: an examination and
> determination of respondent's correct federal income tax liabilities with respect to
> the taxable years 2000 through 2002. (Barker Decl. ¶¶ 2, 4, 6-18.)
>
> (2)  The information and documents sought by the summonses may be relevant to
> the IRS examination of respondent, and that the testimony, records, papers, and
> other data demanded in the summonses will reveal or lead to information
> regarding the correct tax liabilities of respondent.  (Barker Decl.  ¶¶ 2, 4, 6-8, 15,
> 16).
>
> (3) The information and documents are not already in possession of the IRS,
> except for respondent's current passport identified in Agent Barker's declaration
> that the taxpayer himself produced. (Barker Decl. ¶ 17.)
>
> (4) All of the administrative steps for the issuance and service of the summons
> have been followed. (Barker Decl. ¶¶ 5, 9, 10, 12, 13, 18.)

Given the foregoing, and under the Court's June 14, 2006 order, the burden shifts to, and

falls upon, respondent to disprove the existence of a valid purpose for the Service's examination

or to show that enforcement of the summonses would otherwise be an abuse of the Court's

process. *See United States v. Powell,* 379 U.S. at 58; *United States v. Judicial Watch, Inc.,* 371

F.3d at 829 (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1976));[1] *United*

_____

[1]In *Judicial Watch*, the D.C. Circuit stated that it fell to respondent to "'disprove the
actual existence of a valid civil tax determination or collection purpose'" for enforcement of the
summons.  371 F.3d 829 (*quoting LaSalle*).  The specific holding of *LaSalle*, that a summons

*States v. Rockwell Int'l*, 897 F.2d 1255, 1262 (3d Cir. 1990) ("an 'appropriate ground' for

challenging the summons exists when the taxpayer disproves one of the four elements of the

government's *Powell* showing, or otherwise demonstrates an abuse of the court's process.").

Respondent's burden in opposing the United States' *prima facie* case is a "heavy one." *See*

*United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68, 70 (3d Cir. 1979) (citations omitted);

*accord United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981) (noting taxpayer's

"extraordinarily heavy burden" to rebut *prima facie* case for enforcement).

Accordingly, in opposing enforcement of an Internal Revenue Service summons, mere

legal conclusions -- whether asserted in a brief, at oral argument, or in a answer or an affidavit --

are insufficient. *See United States v. Garden State Nat'l Bank*, 607 F.2d at 71. Likewise,

assertions of belief, innuendo, conjecture, and suppositions are insufficient to prevent

enforcement of a summons. Conclusory allegations "cannot take the place of hard evidence or

---

should not be enforced if the Service's investigation was being conducted solely for the purpose
of unearthing criminal conduct by the taxpayer, was altered by Congress when it amended 26
U.S.C. § 7602 in 1982. *Moutevelis v. United States*, 727 F.2d 313, 314-315 (3d Cir. 1984) ("The
statute establishes that a Justice Department referral is in effect if the Secretary of the Treasury
has recommended to the Attorney General a grand jury investigation or a criminal prosecution,
or if the Justice Department has sought disclosure [from the IRS] within the meaning of section
6103(b). *** Congress thereby eliminated from consideration the question whether the Internal
Revenue Service was motivated by a criminal investigative purpose, so long as no Justice
Department referral has occurred."); *accord United States v. Norwood*, 420 F.3d 888, 893-894
(8th Cir. 2005). *See also* 26 U.S.C. § 7602(d)(2)(A); 26 C.F.R. § 301.7602-1(c)(2)(i) and (ii).
    In this case, none of the events which would constitute a "Justice Department referral"
has occurred. Respondent is not the target of a grand jury investigation, and there is no request
for a criminal prosecution of the taxpayer. Also, no request has been made under 26 U.S.C. §
6103(h)(3)(B) for the disclosure of any return or return information in connection with a grand
jury investigation or potential or pending criminal prosecution of respondent. (*See* Barker Decl.
¶ 5.)
    In any event, there is no evidence for this Court to conclude that the Service's
examination of respondent is anything other than a civil audit of respondent.

allegations in fact under oath." *United States v. Garden State Nat'l Bank*, 607 F.2d at 73.

Accordingly, "uncontested allegations in the Government's petition and affidavit must be

accepted as admitted. [Furthermore,] if at this stage the defendant cannot refute the government's

*prima facie* [case under the criteria set forth in] *Powell* ... or cannot factually support a proper

affirmative defense, the district court should dispose of the proceeding on the papers before it

and without an evidentiary hearing." *United States v. Garden State Nat'l Bank*, 607 F.2d at 71.

II.  Whether The Normal 3-Year Statute of Limitations For Assessing An Income Tax Liability
     Expired Is Not Relevant, and Does Not Bar Enforcement of the Summonses.

Respondent argues that because the 3-year statute of limitations set forth in 26 U.S.C. §

6501(a) expired, and "absent a showing of falsity, fraud, or substantial omission" of income,

respondent cannot be held liable for any tax for the years 2000 through 2002.  From that premise,

respondent infers that the Service's examination cannot be truly a civil one or relevant.  But

respondent is incorrect.

While it is correct that the 3-year statute (§ 6501(a)) for assessing income tax deficiencies

has expired in connection with respondent's 2000-2002 tax years, that does not bar enforcement

of the summonses.  The Supreme Court rejected a similar argument in *United States v. Powell*,

*supra*.  As was succinctly explained by the Court of Appeals for the Eighth Circuit, in relying on

*Powell*, and in also rejecting a similar argument:

> Taxpayers also contend that the three-year statute of limitations for ordinary
> assessment deficiencies, 26 U.S.C. § 6501(a) (1976), should bar enforcement of
> these summonses as they relate to the 1977 tax year. [] This question, however,
> has been determined adversely to taxpayers in *United States v. Powell*, 379 U.S.
> 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), in which the Supreme Court
> stated, "The burden of showing an abuse of the court's process is on the taxpayer,
> and it is not met by a mere showing ... that the statute of limitations for ordinary
> deficiencies has run or that the records in question have already been once
> examined." The Court further observed, "The present three-year limitation on

assessment of ordinary deficiencies relieves the taxpayer of concern for further
assessments of that type, but it by no means follows that it limits the right of the
Government to investigate with respect to deficiencies for which no statute of
limitations is imposed." *Id.* at 56 n. 15, 85 S.Ct. at 254 n. 15. In this case,
discovery of a false or fraudulent return would completely remove any limitation
on assessment under 26 U.S.C. § 6501(c)(1) (1976). *Although no fraud is alleged
in the petitions for enforcement, this court has held that the IRS may require the
production of records for time-barred years which are relevant to its
investigation, even though there is no allegation or evidence of fraud. United
States v. Giordano*, 419 F.2d 564, 568 (8th Cir.1969), *cert. denied*, 397 U.S.
1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). To hold otherwise "might well
seriously impede the Government's right to collect lawfully due taxes solely on
account of a taxpayer's refusal to cooperate and his utilization of delaying and
hypertechnical tactics." *Id.* Accordingly, we conclude that the three-year statute
of limitations does not bar enforcement of these summonses.

*United States v. Lask*, 703 F.2d 293, 300 (8ᵗʰ Cir. 1983) (emph. added, footnote omitted).

Next, respondent asserts correctly that an income tax assessment may be made if the

Service were to discover that his 2000, 2001 or 2002 return was fraudulent or omitted more than

25% of his income (citing 26 U.S.C. §§ 6501(c) and (e)), but then implies that this "may place

him in criminal jeopardy" and therefore there can be "no valid civil purpose present here."

(Respondent's Mem. at 2, 3.)  There is no basis for this argument, and the uncontradicted

evidence before the Court, *i.e.,* the declaration of Tammy Barker, demonstrates that the Service's

examination is a civil one.  (*See* Barker Decl. ¶¶2, 4, 5, 15-16.)

If the Service discovered that respondent filed a fraudulent return, respondent *could be*

subject to *civil* penalties.  *See, e.g.,* 26 U.S.C.§ 6663.  But this is all conjecture, and if a

fraudulent return was filed, that does not *ipso facto* mean that there is a criminal investigatory

purpose to the examination.  "The possibility of the existence of an event does not tend to prove

its probability." *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996).  And

conjecture is not a valid defense to enforcement of the summonses.  *See Garden State Nat'l*

*Bank,* 607 F.2d at 71, 73.

Respondent further argues that the district court's opinion in *Judicial Watch* stands for

the proposition that enforcement of the summons was made only after a finding that the

information sought was relevant to open tax years.  (Respondent's Mem. at 2.)  That is not

correct.  The Circuit in *Judicial Watch* made clear that the issue was whether the summons at

issue was overly broad, and determined it was not.  371 F.3d at 831-832 ("Although the IRS

seeks records spanning a number of years and regarding a number of subjects *** the summons

is not overbroad."). In any event, the Service may properly examine respondent's 2000-2002 tax

years even if the usual 3-year statute of limitations for making assessments expired. *United*

*States v. Powell, supra; United States v. Lask, supra.*

III.  Respondent's Invocation of the Fifth Amendment Privilege Is Not Proper, and Does Not Bar
      Enforcement of the Summonses.

    A.  Respondent Has Made No Showing of A Likelihood of Self-Incrimination,
          And His Blanket Objection Is Insufficient.

Preliminarily, before an individual may validly invoke the Fifth Amendment privilege, he

must make a showing to the Court of a likelihood of self-incrimination. *See Hoffman v. United*

*States*, 341 U.S. 479, 486-87 (1951) (witness's own say-so does not establish Fifth Amendment

privilege; Court decides issue); *Marchetti v. United States*, 390 U.S. 39, 53 (1968) (the

likelihood of a criminal prosecution must be more than "merely trifling or imaginary."); *Zicarelli*

*v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972); *United States v. Apfelbaum*,

445 U.S. 115, 128 (1980); *see also United States v. Hubbell*, 167 F.3d 552, 581 (D.C. Cir. 1999),

*aff'd,* 520 U.S. 27 (2000).  Accordingly, "[w]hen the danger [of self-incrimination] is not readily

apparent from the implications of the question asked or the circumstances surrounding the

inquiry, the burden of establishing its existence rests on the person claiming the privilege."

*Estate of Fisher v. Commissioner*, 905 F.2d 645, 649 (2d Cir. 1990) (citations omitted); *In re*

*Morganroth*, 718 F.2d 161, 170 (6th Cir. 1983) (witness bears burden of establishing the

foundation for Fifth Amendment privilege beyond his mere say-so).

　　　　Moreover, the blanket or general assertion of a Fifth Amendment privilege to resist

enforcement of a summons is insufficient as a matter of law. *See United States v. Allshouse*, 622

F.2d 53, 56 (3d Cir. 1980); *United States v. Thom*, 1992 WL 92703 at * 2 (962 F.2d 12 (Table))

(8th Cir. 1992) (summonee "had no right to assert blanket Fifth Amendment privilege against

self-incrimination.") (citing *United States v. Dick*, 694 F.2d 1117, 1119 (8th Cir. 1982)); *see also*

*United States v. Kowalik*, 809 F. Supp. 1571, 1577 (S.D. Fla. 1992) (collecting cases), *aff'd*, 12

F.3d 218 (11th Cir. 1993).[2]  As stated by the Court of Appeals for the First Circuit:

> A *blanket* objection to the issuance of an IRS summons based
> on the Fifth Amendment privilege against self-incrimination is
> not a viable defense. *** The recipient of a summons properly
> must appear before the IRS agent and claim the privilege on a
> question-by-question and document-by-document basis. ***
> If the government believes that the [court's] enforcement order
> was not complied with, [...] it may [...] petition for an order of
> contempt .... ***

---

[2]*See also Steinbrecher v. Commissioner*, 712 F.2d 195, 198 (5th Cir. 1983) (Taxpayers'
bald assertions that if they answered any questions or produced any evidence, the information
thereby revealed might be used against them "gave absolutely no indication about the issues with
respect to which they feared prosecution.  Such blanket assertions of the fifth amendment do not
protect a taxpayer. *** The [taxpayers'] claim of Fifth Amendment privilege is based on sheer
speculation of 'what might happen' if they produced any evidence. Indeed, their asserted fear of
prosecution is far more attenuated than the fear of prosecution dismissed by the Supreme Court
as 'remote and speculative in *Zicarelli*. Therefore, the Tax Court properly refused to grant the
fifth amendment claim.").

*United States v. Allee,* 888 F.2d 208, 212 (1ˢᵗ Cir. 1989) (citations omitted).[3]   In this matter,

respondent has not provided a foundation for properly invoking the Fifth Amendment

privilege, and, with respect to testifying, the invocation of the privilege is premature.  *See*

*United States v. Allee, supra.*

Nor is there a valid Fifth Amendment objection with respect to production of the

summonsed documents, as explained below.

    B.  There Is No Valid Fifth Amendment Privilege To Producing the Credit Card and
          Other Documents Sought By the Summonses.

The Service has identified respondent's MasterCard credit card by account number, and

has demonstrated that respondent has used it. (*See* Barker Decl. & Ex. 1.) The Service seeks the

credit card itself, statements for the credit card,  and records reflecting payments for charges to

that card.[4]  (*See* Barker Decl. ¶¶ 7-8, 16 & Exs. 1-3.)  Accordingly, respondent's assertion of the

---

[3]In *United States v. Ortiz*, 82 F.3d 1066, 1073 (D.C. Cir. 1996), the D.C. Circuit stated that "'[i]n unusual cases,' 'a district judge may sustain a blanket assertion [of the Fifth Amendment] privilege after determining that there is a reasonable basis for believing a danger to the witness might exist in answering *any* relevant question.'" (*quoting United States v. Thorton*, 733 F.2d 121, 125-26 (D.C. Cir. 1984)).  This exception has been applied where a witness was called to testify in a criminal trial, invoked his Fifth Amendment privilege, and the court was able to determine that any testimony on the subject matter would incriminate the witness. *See Thorton*, 733 F.2d at 126 ("'Given the peculiarities of this case'–that the defendant and the witness were arrested at the same time on similar charges, arising out of activities in which they very well might have been jointly involved–we do not think it 'perfectly clear' that [the witness] would not have incriminated himself had he testified as to any relevant events.")
    This limited exception to the general rule regarding blanket Fifth Amendment objections does not apply herein.

[4]It is beyond dispute that banks issue records to their customers.  Such records include monthly statements of a customer's account.  Nor is it subject to reasonable dispute that the card holder of a credit card is also sent monthly or other periodic statements.  Such facts are generally well known. *See Kaggen v. IRS*, 71 F.3d 1018, 1020 (2d Cir. 1995) ("That banks send customers monthly statements which inform customers to whom their money was paid and in what amounts is not reasonably subject to dispute .... Moreover, those facts are generally known ....").); *see*

Fifth Amendment privilege to producing the summonsed records is without merit, because there is no testimonial significance to producing the card and respondent's records relating thereto. *See United States v. Gippetti,* 153 Fed. Appx. 865, 868-869 (3d Cir. 2005) (citing *Fisher v. United States*, 425 U.S. 391, 408 (1976)); *United States v. Norwood*, 420 F.3d at 895-896.  In other words, the existence of the card, as well as the related statements and bank records, "are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." *Fisher v. United States*, 425 U.S. at 411. "The production of documents the existence of which is a foregone conclusion is not testimony for purposes of the Fifth Amendment. *Norwood,* 420 F.3d at 895 (citing *Fisher, supra*).

Also, there is no valid Fifth Amendment objection to producing copies of respondent's expired passport. *See United States v. Anello*, 765 F.2d 253, 260 (1st Cir. 1985) (citing *Fisher v. United States*, 425 U.S. 391 (1976); *United States v. Praetorius*, 622 F.2d 1054, 1062-63 (2d Cir. 1979)).

C. The Fifth Amendment Objection To Providing Testimony Before the Agent Does Not Bar Enforcement of the Summonses.

Because no questions have been asked of respondent, his invocation of the Fifth Amendment privilege is premature. *United States v. Allee, supra.*  Accordingly, the mere

---

*also United States v. Gippetti*, 153 Fed. Appx. 865, 867 (3d Cir.2005).

The Court is requested to take judicial notice that banks send their customers statements of accounts. *See Kaggen, supra,* 71 F.3d at 1021 ("[c]ourts in general have long taken judicial notice of facts of common knowledge relating to banks and banking procedure.")(citations omitted).

Indeed, Berlin's declaration confirms this, because he identifies 7 statements associated with his MasterCard credit card. (Berlin Decl. ¶ 4(a).)

invocation of the Fifth Amendment privilege does not bar enforcement of the summonses at issue. *See id.*[5] Respondent can properly be ordered to appear to answer questions before Agent Barker, and he may then interpose such Fifth Amendment objections to the questions. *See id.*

IV.     Respondent Has Not Sustained His Burden To Support the Affirmative
        Defense of Lack of Possession, Custody or Control of the Summonsed Documents.

        In paragraph 4 of his declaration, respondent Berlin admits to having possession of seven credit card statements from 2002 that have "similar" numbers to the card identified by the Service and a copy of his expired passport. But he omits testifying about the location of his MasterCard credit card, and the statements for all of 2000-2001, and five statements for 2002. Moreover, respondent is silent as to the summonsed records for "all documents showing payments" in the years 2000-2002 for charges incurred by the card, including cancelled checks, wire transfers and bank checks. (*See* Barker Decl., Exs. 2 & 3). Berlin's silence regarding these items is insufficient, and does not satisfy his burden of proof in this matter.

        The defense of lack of possession, custody or control of items or documents sought by an IRS summons is an affirmative defense in an enforcement proceeding. *See United States v. Rylander,* 460 U.S. 752, 757 (1983); *accord United States v. Huckaby,* 776 F.2d 564, 567, 568 (5th Cir. 1985); *United States v. Brunet*, 5 Fed.Appx. 445, 2001 WL 223875 at * 2 (6th Cir. 2001) ("lack of possession of documents is a defense" to an IRS summons) (citations omitted). Accordingly, it is the respondent who bears the burden of proof to support this defense. *See*

_____

        [5]*Cf. United States v. Mahady & Mahady*, 512 F.2d 521 (3d Cir. 1975) (portion of summons seeking testimony not enforced against partner of partnership who had first appeared before IRS Criminal Division's Special Agent and interposed Fifth Amendment objections to specific questions (which were part of the record before the Court) concerning partnership's receipt of a check from officer of corporate taxpayer, the billing for the legal services rendered, and the deposit of the check.).

*United States v. Gippetti*, 153 Fed. Appx. at 867, 868; *United States v. Huckaby*, 776 F.2d at 567

(party opposing enforcement of summons who raised lack of possession bears burden of

"producing credible evidence that he does not possess or control the documents sought."); *see*

*also United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 392 (1st Cir. 1988);

*United States v. Antonio J. Sancetta, M.D.,P.C.,* 788 F.2d 67, 72 (2d Cir. 1986) (respondent

failed to meet *his* burden of proving that the summonsed documents did not exist or that he did

not possess them).[6]

In this case, Berlin admitted what he possesses, but stayed silent about the location of his

credit card and other documents. This is insufficient.  Moreover, Berlin's silence is not credible.

*Cf. Anastasato v. Commissioner*, 794 F.2d 884, 888 (3d Cir. 1986) ("A general denial ... is

insufficient to meet the taxpayer's burden .... *** We are 'not bound to accept taxpayer's

testimony at face value even when it is uncontradicted if it is improbable, unreasonable, or

questionable.'")  (citations omitted).

As stated, it is beyond dispute that banks issue records to their customers.  Such records

include monthly statements of a customer's account.  Nor is it subject to reasonable dispute that

---

[6]It also well-settled that the Service is not required to prove by positive evidence that the
summonsed documents exist and that the summonee has such documents.  *United States v. Lawn
Builders*, 856 F.2d at 391-392, 395 ("We have previously rejected the contention that the IRS
must *prove by positive evidence* the existence of the records and their possession by the
summonee.") (citing *United States v. Freedom Church,* 613 F.2d 316, 322 (1st Cir. 1979);
*McPhaul v. United States*, 364 U.S. 372, 378-80 (1960) ("criminal conviction for willful failure
to comply with Congressional subpoena upheld–evidence of Subcommittee's reasonable basis
for believing that petitioner could produce the records in question, coupled with the evidence of
his failure to produce those records, clearly supported the inference that he could have produced
them.  The burden then shifted to petitioner to present some evidence to explain or justify his
refusal.")); *see also United States v. Huckaby,* 776 F.2d at 567; *United States v. Antonio J.
Sancetta*, 788 F.2d at 72 (Respondent "failed to meet his burden of proving either the records'
nonexistence or that he did not possess them.").

the card holder of a credit card is also sent monthly or other periodic statements.  Such facts are generally well known.  *See Kaggen v. IRS*, 71 F.3d at 1020.  Berlin tacitly admits this by identifying seven statements in his possession from 2002 associated with his MasterCard credit card.  (Berlin Decl. ¶ 4(a).)

Accordingly, respondent has failed to explain why he does not possess his MasterCard credit card,  the credit card statements for 2000-2001 and some from 2002, and documents showing payments, such as his own bank records. It is inconceivable that respondent would have no records or be unable to obtain his records regarding his MasterCard credit card. *See United States v. Gippetti*, 153 Fed. Appx. at 867 (respondent "does not dispute, nor could he reasonably do so, that banks, including [Cayman National Bank], generate and, indeed, send to their customers monthly statements and the like and does not argue that, in 1999 and 2000, he did not, in fact, receive those statements and some or all of the other records sought by the government.").

Respondent's MasterCard credit card, his credit card statements and bank records are the types of records that he should have in his possession.  Alternatively, respondent's statements of the credit card account and other bank records may be obtainable by him from a bank.  Courts have found taxpayers in contempt when they have not used all reasonable efforts to obtain their records from offshore banks.  *See, e.g., United States v. Hall*, 2003 WL 23239979 (M.D. Fla. 2003), *report & rec. adopted*, 2003 WL 23241703 (M.D. Fla. 2003); *see also United States v. Plath*, 2003 WL 23138778  (S.D. Fla. 2003) (Taxpayer who had obtained MasterCard credit card through offshore bank, Leadenhall Trust Co., Bahamas, and who failed to produce any statements for his foreign bank account and credit card, was held in contempt of an order

enforcing an IRS summons where he "failed to use any efforts to contact [the offshore bank] to

obtain the necessary documentation.").

Accordingly, given respondent's failure of proof to support his defense of lack of

possession or control over the summonsed documents, the summonses should be enforced.

V.      The Fifth Amendment May Not Be Used As A Substitute for Evidence
        On An Issue Which Respondent Bears The Burden of Proof.

Respondent's invocation of the Fifth Amendment privilege cannot be used as a substitute

for evidence on an issue in which he has the burden of proof.  As stated, the lack of possession or

control is an affirmative defense, and, as such, requires the summonee to present evidence.

*United States v. Huckaby,* 776 F.2d at 568-569 (citing *United States v. Rylander, supra*); *see also*

*United States v. Lawn Builders,* 856 F.2d at 393, 394.  As explained by the Supreme Court, and

followed by the Fifth Circuit in *Huckaby*, and the First Circuit in *Lawn Builders,*

> We have squarely rejected the notion ... that a possible failure of
> proof on an issue where the defendant had the burden of proof is a form
> of "compulsion" which requires that the burden be shifted from the defendant's
> shoulders to that of the government. *McGautha v. California*, 402 U.S. 183, 91 S.Ct.
> 1454, 28 L.Ed.2d 711 (1971); *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26
> L.Ed.2d 446 (1970); see also *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37
> L.Ed.2d 380 (1973); *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610
> (1970); *Yee Hem v. United States*, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925);
> *Wilson v. United States*, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896). In *Williams*,
> the Court said:
>> "The defendant in a criminal trial is frequently forced to testify himself and to call
>> other witnesses in an effort to reduce the risk of conviction. When he presents his
>> witnesses, he must reveal their identity and submit them to cross-examination
>> which in itself may prove incriminating or which may furnish the State with leads
>> to incriminating rebuttal evidence. That the defendant faces such a dilemma
>> demanding a choice between complete silence and presenting a defense has never
>> been thought an invasion of the privilege against compelled self-incrimination.
>> The pressures generated by the State's evidence may be severe but they do not
>> vitiate the defendant's choice to present an alibi defense and witnesses to prove it,
>> even though the attempted defense ends in catastrophe for the defendant.
>> However 'testimonial' or 'incriminating' the alibi defense proves to be, it cannot

13

be considered 'compelled' within the meaning of the Fifth and Fourteenth Amendments." 399 U.S., at 83-84, 90 S.Ct., at 1896-1897 (emphasis added).

*United States v. Rylander,* 460 U.S. at 758-759.

Given the foregoing, respondent's invocation of the Fifth Amendment privilege does not relieve him from presenting evidence as to the whereabouts of his MasterCard credit card and the other summonsed records sought, or why he cannot obtain the records if, in fact, he does not physically possess them.

CONCLUSION

For the foregoing reasons, the summonses should be enforced.

Dated: July11, 2006                    Respectfully submitted,

                                       */s/ Charles M. Flesch*
                                       CHARLES M. FLESCH
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       P.O. Box 227
                                       Ben Franklin Station
                                       Washington, D.C.  20044
                                       Telephone:  (202) 307-6635

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

14