IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06 MS-00170 |
| vs. ) | |
| ) | |
| PHILIP D. BERLIN, ) | Judge: Hon. Thomas F. Hogan |
| ) | |
| RESPONDENT. ) | |
| ) | |


RESPONDENT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO
UNITED STATES' MOTION FOR AN ADJUDICATION OF CONTEMPT OF
RESPONDENT AND FOR INCARCERATION OR FINE

RESPONDENT, Philip D. Berlin, by his undersigned attorneys, submits the following Memorandum of Points and Authorities in support of his opposition to the United State's Motion for an Adjudication of Contempt of Respondent and for Incarceration or Fine.

STATEMENT OF FACTS

The petition to enforce the two summonses issued by the Internal Revenue Service ("IRS") was heard by the Court on July 20, 2006. Prior to the hearing, Respondent submitted his response to enforcement, and pursuant to the Show Cause Order of the Court, raised his anticipated defenses. These defenses included an assertion of his rights under the Fifth Amendment as to the production of any compelled documentary or testimonial evidence, and in particular, a Fifth Amendment right to redact information contained in any produced documents

MICHAEL C. DURNEY
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170

- 1 -

as to which the government was not entitled.  Authority for the right to redact documents, *United States v. Norwood,* 420 F.3d 888 (8th Cir. 2005), was presented in Respondent's opposition to enforcement and was raised in the July 20, 2006, enforcement hearing.

Respondent's position at the hearing was that under *Norwood,* the government was not entitled to compel production of credit card records which may contain information of other matters beyond the scope of the credit card usage.  Respondent specifically raised the alternative position, that if the Court ordered enforcement of the summonses, Respondent was entitled to redact information that went beyond the scope of the government's knowledge. As was stated in Respondent's Memorandum in Support of Denial of Petition to Enforce Summonses, filed with the Court before the July 20, 2006, hearing,

> If Respondent is compelled to turn over the credit card statements in his possession, Respondent requests that he be allowed to redact possibly incriminating information from these statements, such redactions to be reviewed by the Court *in camera.*          ( Resp. Mem., p. 4.)

At the July 20, 2006 hearing, Government counsel opposed this position, and in response, the Court stated:

```
 5          THE COURT:  I thought Norwood read differently.
 6          They said -- the Eighth Circuit, I thought, said
 7   producing the credit card information under a summons does not
 8   implicate the Fifth Amendment privilege.  That's not a problem.
 9          But, there the taxpayer asserted that the summons
10   called for the occupants that were without, beyond the IRS's
11   knowledge, because the language is not restricted to known
12   credit cards.  And the Eighth Circuit quote says -- and enforce
13   the District Court's order -- it says, quote, to enforce the
14   summons only to the extent the summoned records pertained to
15   Norwood's known accounts, basically.    (Emphasis added.)   (7/20/06 Tr. at 12.)
```

Government counsel then stated:

```
22          MR. FLESCH:  So this is very simple, very
23   straightforward.
24          We also point out in our papers to the extent
```

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 2 -

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170

  25    that Mister -- I think Mr. Durney has now agreed -- to the
16

  1    extent that Mr. Berlin wants to assert a Fifth Amendment
  2    privilege to specific questions, he's got to appear before the
  3    agent and there will have to be a record made.
  4    <u>And if we don't think that if he validly invoked the</u>
  5    <u>Fifth Amendment or that it's proper, we will be back before the</u>
  6    <u>court in the context of a contempt proceeding.</u>   (Emphasis added.)

(7/20/06 Tr. at 15-16.)

Finally, the Court stated:

  15    THE COURT: All right. What I'm going to do is –
  16    thank you, Mr. Durney -- I'm going do as follows.
  17    I think the government's summons are enforceable as
  18    they are written, that they are for a proper purpose. They fit
  19    the requirements for seeking valid information that's relevant
  20    to their purpose, and that some of the information may not be in
  21    the possession of the IRS, and that they have followed their
  22    normal administrative regulation in issuing it. I don't see any
  23    issue, really, that is an abuse of overreaching type of summons.
  24    I think, just for the record, the defendant had made --
  25    the respondent, rather, had raised the issue that the statute of
19

  1    limitations has run. That seems to me -- it's reserved for the
  2    record -- but that the case law is clear that does not apply as
  3    the argument under Powell, one case, 379 U.S. 58. Lask is
  4    another case. Eighth Circuit case at 703 Fed 2nd 293. That the
  5    production of the records, even if the statute of limitations
  6    would bar the proceeding, is still appropriate even if there's
  7    no fraud alleged.
  8    Fifth Amendment issues have more weight to them.
  9    There's no blanket Fifth Amendment, I think everyone agrees with
  10    that, except in very rare circumstances.
  11    But that -- and I think Norwood makes it clear that
  12    where these documents are certainly known, that such production
  13    is not considered testimonial.
  14    The only issue really, it seems to me, that could come
  15    up later is that once Mr. Berlin responds personally to the
  16    request for documents and answers the questions about them,
  17    whether or not there's some Fifth Amendment issues that could
  18    arise.
  19    He has stated now, through his counsel at least, and
  20    said he tried to make it clear in his affidavit he has no other
  21    documents, and did not produce any cancelled checks or evidence
  22    of payments -- and that may be their lack of possession defense
  23    the government discussed in their reply -- but I think that
  24    would have to be -- it's not up before me now as to the validity

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170

- 3 -

    25    of that claim -- but the records I think of the credit cards

20

    1    that are known by the government and directly associated with
    2    that would the Supreme Court said be a foregone conclusion and
    3    therefore not testimonial, and he would have to respond to
    4    those.
    5        As he gets to the Fifth Amendment issues individual
    6    questions, however, I think he may be able to reserve the right
    7    and come back here to compel that testimony and we will see
    8    where we go at that point.
    9        <u>So I'm going to issue a short ruling requiring</u>
    10   <u>enforcement of the summons under that discussion and that</u>
    11   <u>Mr. Berlin would come and appear and answer questions, but also</u>
    12   <u>have his Fifth Amendment rights to particular questions that</u>
    13   <u>come up beyond the areas where the government already has the</u>
    14   <u>knowledge of these documents.</u>  (Emphasis added.)    (7/20/06 Tr. at 15-16.)

At the conclusion of the enforcement hearing on July 20, 2006, government counsel requested and was furnished a copy of Respondent's expired passport and a copy of the eight credit card statements, which represented all of the documents in Respondent's possession, custody or control, responsive to the summonses ordered enforced by the Court. Consistent with Respondent's Fifth Amendment claim raised at the hearing, redactions had been made to the eight credit card statements. By subsequent agreement with government counsel, Respondent committed to appear before the Revenue Agent Tammy Barker on September 19, 2006, pursuant to the order of enforcement.

On August 15, 2006, over one month before Respondent was due to appear before Agent Barker, the government filed the instant motion for adjudication of contempt.

ARGUMENT

The government's motion, stated most charitably, would appear to be premature. The Court ordered enforcement of the summonses, and reserved ruling on Respondent's Fifth Amendment claims until a record could be made of Respondent's appearance before the revenue agent. In compliance with that order, Respondent agreed to appear before the revenue agent on

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170

- 4 -

September 19, 2006. At the request of government counsel, Respondent furnished, prior to this agreed appearance date, a copy of all records in his possession, control, or custody, responsive to the summonses. Such records were furnished the government with appropriate redactions to preserve Respondent's Fifth Amendment claims consistent with what had been presented in Respondent's Memorandum in Support of Denial of Petition to Enforce Summonses, cited above, and heard by the Court without ruling at the July 20, 2006 hearing.

Rather than wait for the scheduled hearing that would create the record necessary for the Court to rule on Respondent's Fifth Amendment claims, the government now asks the Court to find Respondent in contempt for asserting his Fifth Amendment rights. In essence, the government is asking the Court, in advance of any order, to find Respondent in contempt for not agreeing with the government's position on this issue.

The record is clear. Respondent is not in contempt of any order of this Court. The government's motion for contempt should be denied.[1]

---

[1] The government has also asserted its entitlement to legal fees incurred in connection with "prosecuting this contempt proceeding." (Gov't Memo, p. 18, fn. 11.) Respondent submits that if _any_ legal fees are appropriate in connection with the instant motion, it is Respondent who should be awarded such fees.

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 5 -

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170

Dated: August 28, 2006

Respectfully submitted,

MICHAEL C. DURNEY

/s/ Michael C. Durney.
_____
LAW OFFICES OF MICHAEL C. DURNEY
1072 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 965-7744
FAX: 202 965-7745
D.C. Bar No. 111872
Email: mcd@mdurney.com

DUNCAN H. CAMERON

/s/ Duncan H. Cameron
_____
CAMERON & HORNBOSTEL, LLP
818 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 393-4690
FAX: 202 293-1877
D.C. Bar No.173146
Email: dcameron@cameron-hornbostel.com

Attorneys for Respondent

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 6 -

RESPONDENT'S MEMO IN SUPPORT OF
OPPOSITION TO MOTION FOR AN
ADJUDICATION OF CONTEMPT
Case No. 1:06 MS-00170