UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>U.S. Department of Justice, Tax Division )<br>  ) <br>   Petitioner ) <br>      v.   ) | Misc. Case No. 06-0170 (TFH) |
| ) <br> PHILIP D. BERLIN, ) <br>   ) <br>   Respondent. ) | |

## MEMORANDUM OPINION & ORDER

On August 15, 2006, the Government moved for a finding of civil contempt of the Respondent due to his failure to comply with the Court's July 20, 2006 Order Enforcing Internal Revenue Summonses ("Order") [dkt. 12]. The Internal Revenue Service ("IRS") is conducting an examination to determine Respondent's correct federal income tax liabilities for the tax years ending December 31, 2000, December 31, 2001, and December 31, 2002. Through a larger investigation, the IRS found that Respondent has a MasterCard credit card issued by an offshore bank[1] and issued its first summons to have Respondent appear on April 2, 2005 to give testimony and to produce for examination all credit cards issued to him by a foreign bank and the credit statements related thereto as well as a few additional documents. Respondent never appeared and the IRS issued a second summons on August 15, 2005 for Respondent to appear on August 31, 2005. Respondent did not comply with the second summons either, asserting a Fifth Amendment privilege.

The Government filed a Petition to Enforce the Internal Revenue Summonses, and the

---

[1] The Government has identified the MasterCard credit card account number to the Court and for privacy reasons it is redacted in Court filings as 5400-54**-****-4673 (hereinafter, "MasterCard credit card").

Court ordered the Respondent to show cause as to why the summonses should not be enforced. After a hearing was held on July 20, 2006, the Court found, among other things, that the two summonses were enforceable and that Respondent had possession, custody, and/or control over the MasterCard credit card and the other documents identified in the summonses, and ordered Respondent to appear before Revenue Agent Tammy S. Barker to give testimony and produce for examination and copying the summonsed documents.

Since the July 20, 2006 hearing, Respondent has provided the Government with 8 redacted statements of the MasterCard credit card from 2002. Respondent has also agreed to appear before Revenue Agent Barker on September 19, 2006 to testify pursuant to the Order. Respondent's counsel also provided to the Government, pursuant to its request, a privilege log, which does not provide the bases for the claimed privilege. The privilege log does identify the redactions as the name of the bank and references to account and/or code numbers. Further the Government has demanded from Respondent pursuant to the Order the balance of the statements from 2002 (only 8 were provided), and the statements for the MasterCard credit card from 2000-2001. Per the Order, the Government has also asked for documents reflecting payments to the credit card and the credit card itself.

Respondent's counsel argues that under *U.S. v. Norwood*, 420 F.3d 888 (8th Cir. 2005) the Respondent cannot be compelled to produce any information beyond the scope of the Government's knowledge, i.e., credit card usage, and thus the redactions are appropriate. Respondent's counsel also states that Respondent has produced all records in his possession, custody, and/or control.

In *Norwood*, the Eighth Circuit found that producing credit card statements pursuant to an

IRS summons did not implicate the taxpayer's Fifth Amendment privilege because the existence of the documents associated with the known credit cards were a foregone conclusion and such a production is not considered testimony. *Norwood*, 420 F.3d at 895. In *Norwood*, the taxpayer did assert that the summons called for documents outside the IRS' prior knowledge because the language was not restricted to the known credit cards and therefore the Eighth Circuit stated that it interpreted the District Court's order "to enforce the summons only to the extent the summoned records pertain to Norwood's [known accounts]." *Id*. Here, Berlin argues that the Government knows only his credit card usage and thus he should be able to redact other information from the produced credit card statements. Respondent goes too far - under *Norwood* it cannot be considered "testimony" to produce in their entirety any statements or records associated with the known credit card, here the MasterCard credit card, specified by the Government. *See also e.g., Doe v. United States*, 487 U.S. 201, 206 (1988) ("It is undisputed that the contents of the foreign bank records sought by the Government are not privileged under the Fifth Amendment") (internal citations omitted). Thus, Respondent must produce unredacted versions of the 8 credit card statements he has already produced.

      Respondent's argument that he has produced all documents in his possession, custody, and/or control also fails. While an alleged contemnor in a civil contempt proceeding may assert a defense of inability to comply, the contemnor must produce detailed evidence as to why he cannot comply. *See United States v. Plath*, 2003 WL 23138778 at *3 (S.D. Fla. 2003). Further, the contemnor must show that he has made reasonable good faith efforts to comply. *Id*. Here, Respondent Berlin has merely asserted that the summonsed documents are not in his possession, custody, and/or control. This is insufficient. Banks generally generate and send their customers

monthly statements. *See United States v. Gippetti*, 153 Fed. Appx. 865, 867 (3d. Cir. 2005). Respondent has produced no evidence showing he never received such statements for the time periods requested. Even assuming Respondent no longer has the statements issued to him by his bank, he has provided no evidence of reasonable, good-faith efforts made to obtain these statements or a copy of his credit card. A blanket assertion that one lacks possession or control of the summonsed documents is not sufficient to meet the burden of producing evidence to show all reasonable efforts have been made to comply with the order. *Plath,* 2003 WL 23138778 at *3; *see also Rylander v. United States*, 460 U.S. 752 (1983).

Based on the foregoing, the Court finds that Respondent Berlin has not complied with the Order. However, according to the Order, Respondent is to produce the summonsed documents when he appears before the Internal Revenue agent, which is scheduled for September 19, 2006. At that time, on September 19, 2006, Respondent Berlin must produce the summonsed documents in their entirety as specified in the July 20, 2006 Order (specifically, unredacted versions of the 8 MasterCard credit card statements already produced to the Government from 2002; the other 4 MasterCard credit card statements from 2002; all other MasterCard credit card statements not yet produced for the years 2000 and 2001 in their entirety; the original or a duplicate of the MasterCard credit card; and documents reflecting Respondent's payment of charges to the MasterCard credit card). It is hereby ORDERED that the parties must inform the Court on September 19, 2006 as to Respondent's compliance with the Order and Summonses. If Respondent Berlin fails to comply on September 19, 2006, this Court will find he is in civil contempt for failure to comply with the Court's Order Enforcing Internal Revenue Summonses.

**SO ORDERED**.

September 14, 2006                                    /s/
                                              Thomas F. Hogan
                                               Chief Judge