IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> U.S. Department of Justice, Tax Division : <br> P.O. Box 227 : <br> Washington, D.C. 20044 : <br> : <br> Petitioner, : <br> : <br> v. : Misc. Case No. 06-170 <br> : <br> PHILIP D. BERLIN : Judge:    Hon. Thomas F. Hogan <br> Respondent. : <br> : | |

### UNITED STATES' STATUS REPORT

PETITIONER, United States, by its undersigned counsel, respectfully reports the status of this matter as ordered by the Court.

1. On September 19, 2006, respondent appeared, with his counsel, before Internal Revenue Service Agent Tammy Barker. A stenographer was also present and recorded the interview. A transcript should be available within a week.

2. On September 19, 2006, Respondent produced the eight MasterCard credit card statements (account No. 5400-54**-****-4673) that he produced previously, but re-produced them in unredacted form.

3. However, on September 19, 2006, respondent *did not* produce the following summonsed documents[1] as ordered by the Court on July 20, 2006 and again on September 14, 2006:

---

[1] The summonses enforced by the Court seek respondent's foreign credit cards, corresponding monthly statements for the years 2000-2002, and proof of payments thereto.

(a) the 4 remaining MasterCard credit statements for 2002 regarding the account identified above;

(b) all other MasterCard credit card statements for 2000 and 2001 for the account identified above;

(c) the MasterCard credit card or a copy thereof for the account identified above;

(d) proof of payments to the MasterCard credit card for 2000-2002.

4. On September 15 or 16, 2006, respondent is reported to have sent a written request to his bank for the missing credit card statements, a duplicate of the credit card, and documents showing payment. Undersigned counsel has not yet seen a copy of respondent's written request to his bank, but submits that one attempt at retrieving records does not rise to the level of using "all reasonable efforts to comply" with the Court's July 20, 2006 enforcement order. *See United States v. Plath,* 2003 WL 23138778 at * 3 (S.D. Fla. 2003) (cited by this Court in its September 14, 2006 Decision). That is, a party subject to a court's order demonstrates an inability to comply "only by showing that he has made 'in good faith all reasonable efforts to comply.'*** The showing required by the rigorous 'all reasonable efforts to comply' standard is a substantial one." *United States v. Plath*, 2003 WL 23138778 at * 3 (quoting *United States v. Roberts*, 858 F.2d 698, 701, 702 (11th Cir. 1998));[2] *see also United States v. Darwin*, 873 F.2d 750, 754-

---

[2] "'Even if the efforts [i.e., writing to his bank] [Berlin] did make [to comply with the order enforcing the IRS summons] were 'substantial,' 'diligent,' or 'in good faith,' ... the fact that he did not make 'all reasonable efforts,' establishes that [Berlin] did not sufficiently rebut the IRS' prima facie showing of contempt." *United States v. Roberts*, 858 F.2d at 702 (citation

755 (4th Cir. 1989); *cf. SEC v. Bilzerian*, 112 F. Supp.2d 12, 16-17, 23-26 (D.D.C. 2000) (and noting that party's self-serving statements were insufficient to demonstrate noncompliance with a court order), *aff'd*, 75 Fed. Appx. 3 (D.C. Cir. 2003).[3]

    5. The United States also anticipates having to file a separate contempt motion with respect to respondent's refusal to answer numerous questions asked by Agent Barker. Respondent is reported to have interposed Fifth Amendment objections to the questions, and the Court may be requested to rule on some or all of the objections. When a transcript of the interview becomes available it will be reviewed, and a decision made regarding filing an additional contempt motion.

//

//

//

//

//

---

omitted). Here, the order enforcing the summonses has been outstanding since July 20, 2006. Other than one alleged written communication of September 15, 2006, Berlin has made no other efforts, such as telephoning his bank or visiting his bank while he was in Europe, to get the records ordered to be produced.

    [3]In response to a question as to why he did not have physical possession of the missing credit card statements, respondent is reported to have stated that he disregards the statements shortly after reviewing them. But that answer is incredible since he now produced 8 statements from 2002, which undermines his response to Agent Barker. Also, Berlin refused to disclose whether he contacted any other bank to retrieve records showing proof of payment of the charges to the MasterCard credit card having claimed the Fifth Amendment. Berlin has run afoul of *United States v. Rylander*, 460 U.S. 752 (1983).

Dated: September 19, 2006          Respectfully submitted,

*/s/ Charles M. Flesch*
CHARLES M. FLESCH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6635


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney