# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Misc. Case No. 06-0170 |
| vs. | ) | |
| | ) | |
| PHILIP D. BERLIN, | ) | Judge: Hon. Thomas F. Hogan |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT

RESPONDENT, Philip D. Berlin, by his undersigned attorneys, respectfully moves the Court to vacate its finding of contempt for the following reasons.

### I.    ORDER ENFORCING INTERNAL REVENUE SUMMONSES

When the Court first heard this matter on July 20, 2006, Respondent stated in his sworn declaration that the only documents he had in his possession, custody or control responsive to the two summonses sought to be enforced were seven credit card statements. At the hearing, Respondent's counsel corrected this statement to reflect that Respondent in fact had eight credit card statements, and apart from a copy of his current passport, Respondent had no other records responsive to the two summonses. In response to these representations the Court stated (Hearing Transcript 7-20-06, pp. 19-20):

    19        [Respondent] has stated now, through his counsel at least, and
    20    said he tried to make it clear in his affidavit he has no other
    21    documents, and did not produce any cancelled checks or evidence
    22    of payments -- and that may be their lack of possession defense

MICHAEL C. DURNEY
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170

- 1 -

```
    23    the government discussed in their reply -- but I think that
    24    would have to be -- it's not up before me now as to the validity
    25    of that claim -- but the records I think of the credit cards
20
    1     that are known by the government and directly associated with
    2     that would the Supreme Court said be a foregone conclusion and
    3     therefore not testimonial, and he would have to respond to
    4     those.
```

Based on the record at the hearing, Respondent's counsel assumed that the Court had explicitly made no finding that Respondent had actual possession of responsive documents beyond the eight credit cards referred to above. Accordingly, Respondent's counsel agreed to the entry of the Order Enforcing Internal Revenue Summonses entered by the Court on July 20, 2006.

Notwithstanding the record made at the July 20, 2006, hearing, government counsel has made the repeated claim that the Court found Respondent had possession, custody and /or control of <u>all</u> the summonsed documents.[1]  Respondent submits that there is no record to support such a finding. To the contrary, Respondent has stated to the Court under oath in his declaration filed with the Court on July 7, 2006, and has testified under oath at his deposition taken by the Internal Revenue Service, and reaffirms by his Declaration attached hereto as Exhibit A, that as of the time the summonses in issue were served on him, the <u>only</u> documents Respondent had in his possession, custody, or control, responsive to such summonses were eight credit card statements and current and expired passports. There is no evidence to suggest otherwise, contrary to the repeated assertions by the

---

[1] In its motion for contempt filed 8-15-06, government counsel stated (p. 5):

> The July 20, 2006 order contained an express finding that Berlin had possession, custody and/or control of the records sought by the summons.

Respondent's counsel has also argued this point repeatedly at the status conferences.

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170

government that it is not believable that people do not keep credit card records and associated payment records indefinitely.

At his deposition before Revenue Agent Tammy Barker on September 19, 2006, Respondent stated in response to the question of what happened to the other foreign credit card statements that Respondent received in 2000, 2001, and 2002, that his "habit was upon receipt of these statements to look at them and then discard them shortly thereafter." (Berlin dep. 9-19-06, p. 18.)[2]  In his attached Declaration, Respondent additionally states under oath that he did not give any documents responsive to the summonses in issue to any other person, and that he did not discard any responsive documents after he received the summonses in issue. (Ex. A, pars. 8, 9.)  Respondent does not assert a Fifth Amendment right with respect to questions as to (1) what documents he has responsive to the summonses, (2) what he did with any documents responsive to the summonses, or (3) what efforts he has made to obtain such documents from other sources.  Respondent submits that the record before this Court is clear that at least with respect to the actual possession, custody, or control by Respondent of responsive documents, Respondent had no other documents at the time of the July 20, 2006, Order of this Court other than the eight credit card statements and current and expired passports.

---

[2]  Government counsel argues that this statement is "incredible" because Respondent produced the eight credit card statements of record. (Gov. Status Report, 9-19-06, p. 3, fn. 3.)  Respondent did not state that he invariably, without exception, discarded the statements, only that it was his "habit" to do so. If any inference should be drawn is that because Respondent produced the eight statements, and has obtained and produced the balance of the twenty-one total credit card statements, Respondent's statement is credible, and not the reverse.

MICHAEL C. DURNEY
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 3 -

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170

II.    <u>BASIS TO VACATE FINDING OF CONTEMPT</u>

In previous cases involving foreign records such as this, the government has demanded the taxpayer sign a consent decree authorizing a foreign bank to deliver documents to the government.  For example, in *United States v. Jerry,* 2005 U.S. Dist. LEXIS 16032; 96 A.F.T.R.2d (RIA) 5539 (D. MD 2005), a case acknowledged to have been handled by government counsel in this case, an enforcement order was entered by the court for the District of Maryland on October 25, 2004, directing Mr. Jerry to produce foreign bank documents.  When Mr. Jerry apparently made no effort to obtain the documents, on July 29, 2005, nine months later, the court found Mr. Jerry in contempt, and directed that he could purge himself of the contempt by requesting the documents "by use of a letter to be provided by the IRS".

Respondent has repeatedly offered to sign such a consent decree but the government has refused to proffer one.  Instead, the government's only response, unlike *Jerrry,* was that here, Respondent "has to contact his bank and obtain duplicate copies." (Gov. memo. filed 8/15/06, p. 7.)  In its motion for contempt, the government asserted that assuming *arguendo* Respondent lacked physical possession of the summonsed documents, he should be found in contempt unless he used "all reasonable efforts" to obtain the documents from other sources, citing as authority *United States v. Hall,* 2003 U.S. Dist. LEXIS 24202; 93 A.F.T.R.2d (RIA) 479 (M.D. FL 2003), and *United States v. Plath,* 2003 U.S. Dist. LEXIS 21619; 2003-2 U.S. Tax Cas. (CCH) P50,729; 93 A.F.T.R.2d (RIA) 981 (S.D. FL 2003).  (Gov. memo. filed 8-15-06, pp. 6-7.)  Subsequently, the government asserted in its report to the Court dated September 19, 2006, that Respondent's writing to Banque de Luxembourg requesting responsive documents was insufficient and that a

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

- 4 -

<u>RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT</u>
Misc. Case No. 06-0170

finding of contempt was warranted as Respondent made no other efforts, "such as telephoning his bank or visiting his bank while he was in Europe, to get the records ordered to be produced." (Gov. Status Report 9-19-06, pp. 2-3, fn. 2.)  Respondent submits that as of the last hearing before this Court on November 17, 2006, Respondent had used "all reasonable efforts" to obtain responsive documents.

Pursuant to this Court's order of enforcement, Respondent appeared before Revenue Agent Tammy Barker on September 19, 2006, and produced the eight unredacted credit card statements as directed by the Court[3], and also produced copies of letters that had been mailed electronically and sent by FedEx on September 15 and 16, 2006, to Banque de Luxembourg, requesting a copy of all documents responsive to the summonses. The Court was so advised and entered an order on the same day, September 19, 2006, that "[b]ecause Respondent Berlin has made some effort to obtain the summonsed documents, he will not be held in contempt at this time."

At the subsequent status hearing held before this Court on October 13, 2006, the Court was advised by Respondent that despite sending a second request by FedEx to Banque de Luxembourg on September 27, 2006, and a third request to the bank by FedEx on October 5, 2006, no documents or any other communication had been received in response to these requests.  Again, the government did not proffer a consent directive for Respondent to sign as it did in *Jerry, supra.*  The Court then entered an order on October 13, 2006, directing Respondent to file on October 25, 2006, a status report informing the Court of his progress and efforts in obtaining the documents.

---

[3] On advice of counsel, Respondent produced in response to the Court's July 20, 2006, enforcement order copies of the eight credit card statements with certain information redacted in reliance on *United States v. Norwood,* 420 F.3d 888 (8th Cir. 2005), as authority for such redaction.  Upon a finding by this Court that such reliance was misplaced, Respondent produced unredacted copies of the statements to the government.

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170

- 5 -

On October 13, 2006, Respondent sent a fourth request by fax to Banque de Luxembourg requesting a copy of the responsive records, and received on October 19 and 20, 2006, a copy of all of the credit card statements responsive to the summonses in issue. A copy of these twenty-one statements was produced to the government. Respondent received no other documents from the bank. This was reported to the Court in Respondent's Third Report filed October 25, 2006, and after a status hearing on October 27, 2006, the Court entered an order directing Respondent file a further report on November 15, 2006, informing the Court of his progress and efforts in obtaining the summonsed documents.

In its Fourth Report filed November 15, 2006, Respondent advised the Court that Respondent's counsel received on November 14, 2006, a letter from U.S. counsel for Banque de Luxembourg stating that in response to Respondent's request, the bank would turn over to Respondent documents in the bank's possession that would be responsive to the summonses. By letter dated November 15, 2006, Respondent's counsel requested that such documents be immediately sent to Respondent's counsel.

At the status hearing held before this Court on November 17, 2006, Respondent's counsel reported to the Court that the bank had turned the documents over to Respondent's counsel in Luxembourg on November 17, 2006, and that such documents had been dispatched by international courier for scheduled arrival at Respondent's counsel's office on November 20, 2006. Respondent's counsel represented to the Court that he would turn over the responsive documents to the government no later than the end of the week beginning November 20, 2006. As stated by Respondent in his Declaration (Ex. A, par. 11), at his instruction, a copy of the responsive documents was sent to counsel for the

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT
Misc. Case No. 06-0170

- 6 -

government on November 22, 2006. A copy of the transmittal letter accompanying such documents is attached as Attachment 1 to Respondent's Declaration.

Respondent respectfully submits that based on the record before the Court as of the November 17, 2006, hearing, the Court's finding of contempt due to a failure of Respondent to have exercised "all reasonable efforts" to comply with the order of enforcement should be vacated. Through Respondent's efforts[4], as of the November 17, 2006, hearing, documents had been obtained from Banque de Luxembourg by Respondent's Luxembourg counsel and had been dispatched by courier prior to Respondent's U.S. counsel. At that hearing, Respondent's counsel represented to the Court that such documents had been so transmitted and that all responsive documents received from Banque de Luxembourg would be turned over to the government. Notwithstanding these facts, the Court entered its Order on November 17, 2006, finding Respondent in contempt because he had failed to exercise "all reasonable efforts" to produce the summonsed documents, citing *United States, v. Plath,* WL 23138778 at *3 (S.D. Fla. 2003), and *Rylander v. United States,* 460 U.S. 752 (1983). These cases do not warrant such a finding of contempt.

In *Plath,* the court found Mr. Plath in contempt when he testified that he had not made "any effort" to obtain any documents ordered to be produced. In *Rylander,* a president of a domestic corporation was held in contempt when he refused to produce records of a <u>domestic</u> corporation. Additionally, the district court in *Rylander* found that the president "possessed the documents at the time of the enforcement proceeding". 460

---

[4] In addition to the repeated written requests of Respondent for the records, following the status hearing before the Court on October 27, 2006, Respondent traveled to Luxembourg and accompanied by local Luxembourg counsel, met with representatives of Banque de Luxembourg in an effort to obtain responsive documents. (Ex. A, par. 10.)

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT
Misc. Case No. 06-0170

- 7 -

U.S. at p. 761.  None of this is apposite to Respondent herein.  At no time has Respondent refused to comply with any aspect of the Court's enforcement order.  As of the November 17, 2006, hearing, Respondent had in fact exercised efforts to obtain responsive documents well in excess of any reported case.  As of the November 17, 2006, hearing, a representation was made to the Court that responsive document, and on November 22, 2006, such documents were turned over to the government.

Respondent respectfully requests the Court to vacate its finding of contempt.  A proposed order is submitted herewith.

Dated:    November 27, 2006           Respectfully submitted,

                                      MICHAEL C. DURNEY


                                      /s/ Michael C. Durney
                                      _____
                                      LAW OFFICES OF MICHAEL C. DURNEY
                                      1072 Thomas Jefferson Street, N.W.
                                      Washington, D.C. 20007
                                      (202) 965-7744
                                       FAX: 202 965-7745
                                       D.C. Bar No. 111872
                                       Email:  mcd@mdurney.com



                                      DUNCAN H. CAMERON


                                      /s/ Duncan H. Cameron
                                      _____
                                      CAMERON & HORNBOSTEL, LLP
                                      818 Connecticut Avenue, N.W.
                                      Washington, D.C. 20006
                                      (202) 393-4690
                                      FAX: 202 293-1877
                                      D.C. Bar No.173146
                                      Email: dcameron@cameron-hornbostel.com

                                      Attorneys for Respondent

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170

- 8 -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:06 MS-00170 |
| v. | ) |
| | ) Judge: Hon. Thomas F. Hogan |
| PHILIP D. BERLIN | ) |
| | ) |
| Respondent. | ) |
| | ) |

## DECLARATION OF PHILIP D. BERLIN

1. My name is Philip D. Berlin and I am a resident of the District of Columbia.

2. In my previous Declaration dated July 5, 2006, submitted to the Court on July 7, 2006, as Exhibit A to Respondent's Memorandum in Support of Denial of Petition to Enforce Summons, I stated that the only documents I had in my possession, custody, or control responsive to the summonses sought to be enforced were credit card statements for the periods January 2002, February 2002, March 2002, April 2002, July 2002, November 2002, and December 2002.

3. As stated in the Memorandum and on the record by my counsel at the July 20, 2006, hearing before this Court, this was corrected to include an eighth credit card statement for the period August 2002.

4. At my deposition taken by Revenue Agent Tammy Barker on September 27, 2006, I produced a copy all documents in my possession, custody, or control responsive to the two

summonses that are the subject of this Court's enforcement order of July 20, 2006, specifically the eight credit card statements previously referred to. I stated in that deposition[1] that at the time I received the summonses I had no other responsive documents, including credit cards, in my possession, custody, or control, other than these eight credit card statements.

5. I further stated in my deposition that with respect to any other credit card statements responsive to the summonses, "my habit was upon receipt of these statements to look at them and then discard then shortly thereafter". (Berlin Dep. p. 18.)

6. In response to questions posed by Lindsey D. Stellwagen, Esquire, IRS Special Counsel International, at my deposition, with respect to the years 2000, 2001, and 2002, I stated that "I do not have in my current possession, custody and control evidence of payment of the credit card charges for the Bank of Luxembourg." (Berlin Dep. pp. 19-22.)

7. In response to the question posed by Revenge Agent Barker, "Did you give anyone else copies of any of the credit card statements such as an accountant or a lawyer" I declined to answer based on my Fifth Amendment rights. (Berlin Dep. pp. 24.)

8. I hereby waive such rights with respect to that question and state, without reservation, that I did not give any responsive documents, including credit card statements, to any person.

9. In addition to reaffirming here under oath the statements made under oath at my deposition, I also state that with respect to any other responsive documents that I may have received, it was my habit upon receipt of any such other documents similarly to look at such documents and discard them thereafter.

10. In addition to my sending letters by electronic mail and FedEx to Banque de Luxembourg in an attempt to obtain other responsive documents, on October 31, 2006, I went to

---

[1] Berlin Dep. pp. 8-23.

Luxembourg and, accompanied by local counsel, subsequently met with representatives of the bank in a further effort to obtain responsive documents.

11. On November 17, 2006, at approximately 10:30 a.m. EST, I was advised by my Luxembourg counsel that responsive documents had been obtained from Banque de Luxembourg and had been transferred to a courier for delivery to my attorney, Michael C. Durney. At my instruction, a copy of the responsive documents was sent to counsel for the government on November 22, 2006. A copy of the transmittal letter is attached hereto as Attachment 1.

12. All documents either in my possession, custody, or control, or obtained from Banque de Luxembourg, or from any other source, that are responsive to the summonses in issue have been turned over to the government.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

PHILIP D. BERLIN

Executed on ___11/27/06___.

3

# MICHAEL C. DURNEY
### LAW OFFICES

**1072 THOMAS JEFFERSON STREET, N.W.**
**WASHINGTON, D.C. 20007**

**(202) 965-7744    FAX:  (202) 965-7745**
EMAIL: MCD@MDURNEY.COM

November 22, 2006

**VIA EMAIL**
Charles M. Flesch, Esquire
Trial Attorney
Department of Justice, Tax Division
P.O. Box 227  Ben Franklin Station
Washington, D.C. 20044

       *Re:  United States v. Philip D. Berlin;  USDC DC  Case No. 1:06 MS-00170*

Dear Mr. Flesch:

Transmitted herewith is a copy of the documents received from Banque de Luxembourg responsive to the summonses ordered enforced in the above-styled proceeding, Bates stamped "IRS0001 through IRS0062".  Respondent has previously produced as responsive documents a copy of (1) eight credit card statements and (2) Respondent's expired passport, both items being all of the responsive documents Respondent has in his possession, custody or control, as well as (3) the twenty-one credit card statements Respondent obtained from Banque de Luxembourg as ordered by this enforcement proceeding.

       Respondent has no other documents either in his possession, custody, or control, or obtained from Banque de Luxembourg, or any other source, that are responsive to the summonses in issue.

Sincerely yours,

MICHAEL C. DURNEY

cc: Philip D. Berlin

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Misc. Case No.  06 MS-0170 (TFH)** |
| **vs.** ) | |
| ) | |
| **PHILIP D. BERLIN,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

It is hereby **ORDERED** that the finding of contempt against Respondent is

**VACATED.**

**SO ORDERED**

_____                         _____
                                        Thomas F. Hogan
                                        Chief Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Misc. Case No. 06-0170 |
| vs. | ) | |
| | ) | |
| PHILIP D. BERLIN, | ) | |
| | ) | Judge: Hon. Thomas F. Hogan |
| Respondent. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that  a true and correct copy of the following:

RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT

was served this 27th day of November 2006, by filing those documents with the Clerk of the Court under the Court's CM/ECF system, and by electronic mail to:

Charles M. Flesch, Esquire
Trial Attorney
Department of Justice
Tax Division
P.O. Box 227  Ben Franklin Station
Washington, D.C. 20044
Email: charles.m.flesch@ usdoj.gov

Attorney for Plaintiff

/s/ Michael C. Durney
_____
Michael C. Durney

**MICHAEL C. DURNEY**
Law Offices
1072 Thomas Jefferson St., N.W.
Washington, D.C. 20007

RESPONDENT'S MOTION TO VACATE FINDING OF
CONTEMPT
Misc. Case No. 06-0170