IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA        :
U.S. Department of Justice, Tax Division    :
P.O. Box 227                    :
Washington, D.C. 20044            :
                                :
            Petitioner,        :
                                :
v.                              : Misc. Case No. 06-170
                                :
PHILIP D. BERLIN                : Judge:    Hon.  Thomas F. Hogan
            Respondent.        :
_____    :

UNITED STATES' MEMORANDUM IN OPPOSITION TO
<u>RESPONDENT'S MOTION TO VACATE FINDING OF CONTEMPT</u>

Respondent seeks to vacate the Court's November 17, 2006 contempt order on

the grounds that he has allegedly complied with the Court's July 20, 2006 order

enforcing two Internal Revenue Service summonses requiring the production of

documents.  But respondent still has not complied with the July 20, 2006 order

regarding the documents sought and the contempt citation should stand.

STATEMENT & ARGUMENT

I.    <u>Introduction</u>.

Following four status conferences held between September and November 17,

2006, during which time the Court afforded respondent every opportunity to comply

with its July 20, 2006 order, on November 17, 2006, the Court found Berlin in civil

contempt for disobeying the Court's July 20, 2006 order requiring that Berlin, among

other things, produce those documents sought by two Internal Revenue summonses.[1]

The Court fined Berlin $500.00 per day, effective November 23, 2006, until such time as

he purges himself of contempt. (*See* Docket No. 34.)[2]

On November 22, 2006, respondent produced, through his counsel, 62 pages of

documents concerning his bank accounts maintained at the Bank of Luxembourg for the

period 2000-2002 as follows: 11 pages of transactions for the year 2000; 19 pages of

transactions for the year 2001; and 31 pages for the 2002 year.

But the bank records produced by Berlin on November 22, 2006, also reflect that

his Luxembourg bank account, No. 0091 ***, was debited on several occasions to pay

another foreign credit card entitled "Eurocard."  (*See* 12/1/06 Barker Decl., filed

herewith.) The following summarizes the charges to this newly revealed foreign credit

card:

---

[1] The summonses enforced by the Court seek all respondent's foreign credit cards, all corresponding monthly statements for the years 2000-2002, and all documents showing payments thereto.  The cards or copies thereof have never been produced.

[2] The United States had identified by MasterCard credit card number two credit card accounts (5400 ***** **** 4673 and 5400 **** **** 4316) and two bank accounts that respondent maintained at the Bank of Luxembourg (Account Nos. 0091***/056 and  IBAN LU11 0080 **** ****1003).  But some of this information (i.e., the bank account numbers) was only ascertained after the contempt proceedings were initiated, and, as a result, respondent only grudgingly and belatedly began producing unredacted copies of his credit card statements. (Docket No. 24, pages 5-12.) Those statements had to be translated from French, and they showed respondent's Bank of Luxembourg bank account numbers.  (*See* Docket No. 32, Petitioner's Status Report and declaration of IRS Agent Philibert Kenmeugne.)

The listing of these debits are as follows:

| Card Number Month Ending Activity | Unknown Number | | | Stamped Page |
|---|---|---|---|---|
| | Statement Received | Payment Made | Payment In Euros | |
| Jun-01 | | X | $ 9.92 | Page 13 |
| Jul-01 | | X | $ 376.25 | Page 13 |
| Aug-01 | | X | $ 442.61 | Page 13 |
| Sep-01 | | X | $ 15.77 | Page 14 |
| Oct-01 | | X | $ 666.64 | Page 14 |
| Nov-01 | | X | $ 277.47 | Page 14 |
| Dec-01 | | X | $ 187.01 | Page 14 |
| Jan-02 | | X | $ 186.38 | Page 32 |
| Jun-02 | | X | $ 621.89 | Page 33 |
| Jul-02 | | X | $ 682.81 | Page 33 |

See Barker Decl. ¶ 6A.

The Internal Revenue Service has compared the charges (summarized above) from Berlin's bank statements to the 21 foreign MasterCard credit card statements that Berlin previously produced. These charges are not shown on Berlin's 21 MasterCard credit card statements that he obtained from the Bank of Luxembourg. Accordingly, Berlin has or had another foreign credit card during the years in issue, and has failed to produce credit card statements and the card itself. (Barker Decl. ¶¶ 6B-8.)

II.    The Motion to Vacate the Order of Contempt Should Be Denied.

On November 27, 2006, respondent filed a motion to vacate the contempt citation and, in the process, seeks to collaterally attack, through his motion and declaration, the underlying factual findings for the Court's July 20, 2006 order and the underlying facts

supporting the contempt citation.  This Berlin may not do, and Berlin has failed to

demonstrate that he has purged himself of the contempt.[3]

 Berlin conclusorily asserts that all "documents either in [his] possession,

custody, or control, or obtained from Banque de Luxembourg or from any other source,

that are responsive to the summonses in issue have been turned over to the

government."  (Berlin 11/27/06 Decl. ¶ 12.)  Berlin's statement lacks credibility,

especially in light of the facts presented by Agent Barker regarding Berlin's additional

foreign Eurocard.[4]

---

[3]The Court's July 20, 2006 order directing Berlin to produce the summonsed records was a final and appealable order.  *See Reisman v. Caplin*, 375 U.S. 440, 449 (1964); *United States v. Huckaby*, 776 F.2d 564, 566 n.2 (5th Cir. 1985).

The Court's July 22, 2006 order also established the validity of the IRS summonses under *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Millstone Enterprises, Inc.*, 864 F.2d 21, 23 (3d Cir. 1988).

The July 20, 2006 order contained an express finding that Berlin has possession, custody and/or control of the records sought by the summonses.  Accordingly, the Court's July 20, 2006 enforcement order bars Berlin, under the principle of collateral estoppel, from relitigating his possession and control of the summonsed documents. *See United States v. Rylander*, 460 U.S. 752, 756-57 (1983); *United States v. Millstone Enterprises, Inc.*, 864 F.2d at 23; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) (court's enforcement order is *res judicata* on the issue of possession of the summonsed documents); *see also United States v. Sorrells*, 877 F.2d 346, 348-349 (5th Cir. 1989) (defense of lack of possession or control of the documents not available in contempt proceeding for violation of order enforcing IRS summons).

Moreover, the July 20th enforcement order carries with it a presumption of Berlin's *continuing* possession, custody or control of the summonsed documents.  *See United States v. Rylander*, 460 U.S. at 760-761 (citing *Maggio v. Zeitz*, 333 U.S. 56 (1948)); *accord United States v. Sorrells*, 877 F.2d at 348; *United States v. Roberts*, 858 F.2d at 701.

[4]*Cf. United States v. Rylander*, 460 U.S. at 758 ("Since he declined to be cross-examined with respect to his assertions of [current] nonpossession, the District Court was justified in concluding, as it did, that Rylander 'failed to introduce any evidence at

As this Court already held:

> Respondent's argument that he has produced all documents in his possession, custody, and/or control also fails. While an alleged contemnor in a civil contempt proceeding may assert a defense of inability to comply, the contemnor must produce detailed evidence as to why he cannot comply. *See United States v. Plath*, 2003 WL 23138778 at *3 (S.D.Fla.2003). Further, the contemnor must show that he has made reasonable good faith efforts to comply. *Id.* Here, Respondent Berlin has merely asserted that the summonsed documents are not in his possession, custody, and/or control. This is insufficient. Banks generally generate and send their customers monthly statements. *See United States v. Gippetti*, 153 Fed. Appx. 865, 867 (3d. Cir.2005). Respondent has produced no evidence showing he never received such statements for the time periods requested. Even assuming Respondent no longer has the statements issued to him by his bank, he has provided no evidence of reasonable, good-faith efforts made to obtain these statements or a copy of his credit card. A blanket assertion that one lacks possession or control of the summonsed documents is not sufficient to meet the burden of producing evidence to show all reasonable efforts have been made to comply with the order. *Plath*, 2003 WL 23138778 at *3; *see also Rylander v. United States*, 460 U.S. 752 (1983).

*United States v. Berlin*, 2006 WL 3069541 at * 2 (D.D.C. 2006) (Docket No. 23 at 3-4.)

Furthermore, on November 17, 2006, the Court held:

Respondent's defense of an "inability to comply" fails because this Court finds that he has not met his burden of establishing that he has exercised "all reasonable efforts" to comply [with the July 20, 2006 enforcement order].

Docket No. 34 at 2 (11/17/06 Memorandum and Order) (citing *United States v. Plath, supra*; *United States v. Rylander, supra*).  Indeed, "the showing required by the rigorous

---

the contempt trial.'  This was a time for testimony, and Rylander's *ex parte* affidavit and uncross-examined testimony were properly disregarded by the District Court. *** We have squarely rejected the notion ... that a possible failure of proof on an issue where the defendant had the burden of proof is a form of "compulsion" which requires that the burden be shifted from the defendant's shoulders to that of the government." ).

'all reasonable efforts to comply' standard is a substantial one." *United States v. Plath*, 2003 WL 23138778 at * 3 (quoting *United States v. Roberts*, 858 F.2d 698, 701, 702 (11th Cir. 1998));[5] *see also United States v. Darwin*, 873 F.2d 750, 754-755 (4th Cir. 1989); *cf. SEC v. Bilzerian*, 112 F. Supp.2d 12, 16-17, 23-26 (D.D.C. 2000) (and noting that party's self-serving statements were insufficient to demonstrate noncompliance with a court order), *aff'd*, 75 Fed. Appx. 3 (D.C. Cir. 2003).[6]

Berlin clearly has the ability to obtain his foreign credit card statements and bank statements from his foreign banks as is evidenced in this case. But he only does so when pressed by the United States and the Court. Berlin has engaged in a "cat-and-mouse game," only producing records when the United States brings to light a bank or credit card account number, or the existence of an additional foreign credit card.

Given the evidence presented by Agent Barker, Berlin has not purged himself of contempt.

## CONCLUSION

For the foregoing reasons, the Court should not vacate its contempt order.

---

[5]"'Even if the efforts [i.e., writing to his bank] [Berlin] did make [to comply with the order enforcing the IRS summons] were 'substantial,' 'diligent,' or 'in good faith,' ... the fact that he did not make 'all reasonable efforts,' establishes that [Berlin] did not sufficiently rebut the IRS' prima facie showing of contempt." *United States v. Roberts*, 858 F.2d at 702 (citation omitted).

[6]Berlin states that he discards the credit card statements shortly after reviewing them. (Berlin Decl. ¶¶ 5, 9.) But that answer is incredible since he initially had produced in September 2006, the unredacted eight foreign MasterCard credit card statements from 2002.

Dated: December 1, 2006                Respectfully submitted,

*/s/ Charles M. Flesch*
CHARLES M. FLESCH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6635

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney